IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW M. JACKSON, | ) |
|     Petitioner, | ) |
| v. | ) No. 3:14-cv-00837 |
| STATE OF TENNESSEE, | ) Judge Campbell |
|     Respondent. | ) |

## ORDER

Petitioner Matthew Jackson has filed a pro se pleading in this Court titled "Abeyance" (ECF No. 1), which has been docketed as a petition under 28 U.S.C. § 2254 for the writ of habeas corpus. In this document, Jackson states that he "moves this Honorable Court to ask that if this Application or Motion be prematurely filed to allow Plaintiff, at a later date (Amend) and ask the Court to hold this paperwork in Abeyance." (*Id.* at 1.)

The petitioner pleaded guilty in the Robertson County Circuit Court on July 20, 2001 to two counts of aggravated rape, one count of aggravated kidnapping, one count of aggravated robbery, and one count of theft of property over $500. Pursuant to a plea agreement, the sentences on all these charges were to run concurrently, and the petitioner received an effective sentence of 25 years imprisonment. That conviction and sentence were affirmed on direct appeal. *State v. Jackson*, No. M2001-01999-CCA-R3-CD, 2003 WL 288432 (Tenn. Ct. Crim. App. Feb. 7, 2003), *perm. to appeal denied* (Tenn. May 12, 2003). The petitioner unsuccessfully sought post-conviction relief. *Jackson v. State*, No. M2004-01342-CCA-R3-PC, 2005 WL 1220242 (Tenn. Ct. Crim. App. May 18, 2005), *perm. to appeal denied* (Tenn. Oct. 31, 2005). The petitioner's initial federal habeas petition was considered on the merits and denied by this Court in 2006. *Jackson v. Parker*, No. 3:06-cv-00070 (M.D. Tenn. Sept. 6, 2006 Memorandum and Order, ECF Nos. 17 & 18) (Trauger, J.). The petitioner was not granted a certificate of appealability by this Court or by the Sixth Circuit, and the Sixth Circuit later denied the petitioner's motion for an order authorizing the district court to consider a second or successive habeas petition considering this same conviction. *In re: Jackson*, No. 08-5153 (6th Cir. Sept. 22, 2008 Order) (docketed in the district court record at Case No. 3:06-cv-00070, ECF No. 28).

In support of his motion for abeyance, he states that his appeal of the denial of his third[1] state habeas corpus petition concerning the same conviction has been pending in the Tennessee Court of Criminal Appeals (Western Division) since October 2013. That state petition addressed the fact that the petitioner's original judgment did not reflect and the public defender did not inform him that he would be under Community Supervision for Life after service of his prison term and that he would have to register as a Sexual Offender.[2]

The petitioner also refers to an opinion issued by the Tennessee Court of Criminal Appeals (Middle Division), on April 5, 2013, also involving the 2001 Robertson County conviction, affirming the trial court's denial of his petition for DNA testing under Tennessee's Post-Conviction DNA Analysis Act of 2001, Tenn. Code Ann. §§ 40-30-301 – 40-30-313. *Jackson v. State*, No. M2012-01759-CCA-R3-PC, 2013 WL 1385011 (Tenn. Ct. Crim. App. April 5, 2013), *rehearing denied* (May 29, 2013). The petitioner states that this issue was not raised in the appeal that is still pending because it was not a cognizable claim in a state habeas corpus petition. The petitioner further states that he does not want to run afoul of the one-year statute of limitations for filing a federal habeas petition concerning this issue.

Because the petitioner has chosen to bring this action as a habeas petition and because he already brought prior habeas corpus claims in this Court concerning the validity of the same conviction, the Court construes the motion as a successive habeas petition within the purview of 28 U.S.C. § 2244(b)(3)(A). Before a second or successive habeas petition may be filed in a federal district court, the habeas petitioner is required to file a motion in the appropriate court of appeals, requesting an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3) (A); *Felker v. Turpin*, 518 U.S. 651, 664 1996). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §§ 2244 and 2254, a federal district court lacks jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of such an order. *Cress v. Palmer*, 484 F.3d 844, (6th Cir. 2007) (citing *Burton v.*

---

[1] *See Jackson v. State*, W2011-00583-CCA-R3-HC, 2011 WL 3849558 (Tenn. Ct. Crim. App. Aug. 31, 2011) (affirming dismissal of second habeas petition); *Jackson v. State*, No. W2010-01205-CCA-R3-HC, 2010 WL 5274016 (Tenn. Ct. Crim. App. Dec. 14, 2010) (affirming dismissal of first habeas petition).

[2] The Lake County Circuit Court, in which the petition was filed, remanded the matter to the Montgomery County Circuit Court, Judge Michael R. Jones, for entry of corrected judgments. It is unclear why the matter was remanded to the Circuit Court for Montgomery County rather than Robertson County, although Judge Jones presided over the Robertson County criminal proceedings.

*Stewart*, 549 U.S. 147 (2007)). If a second or successive petition is filed in the district court without the petitioner's having obtained authorization from the court of appeals to do so, the appropriate procedure is for the district court to transfer the file to the appellate court, which will construe the habeas petition as a request under § 2244(b)(3) for authorization to file the petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for writ of habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.").

Accordingly, the Court **ORDERS** the Clerk of the Court to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims.*

It is so **ORDERED**.

_____
Todd Campbell
United States District Judge